# In the United States Court of Federal Claims

No. 16-174

Filed: April 19, 2016

```
*************************************
SIGMATECH, INC.,                      *
                                      *        Administrative Record;
                                      *        Bid Protest;
         Plaintiff,                   *        Rule 37(b)(2)(C) (Sanctions  For
                                      *                 Not  Obeying  A  Discovery
                                      *                 Order).
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
         Defendant.                   *
*************************************
```

## MEMORANDUM OPINION AND ORDER

On April 7, 2016, the Government filed a Notice Of Filing Corrected Administrative Record. ECF No. 32. On April 8, 2016, the Government filed a Motion Seeking Leave To Correct The Administrative Record. ECF No. 33. On April 8, 2016, Plaintiff filed a Response In Opposition, arguing that "Sigmatech was denied the opportunity . . . to have and consider these documents . . . . Sigmatech has completed its briefing." ECF No. 34, at 4–5. On April 12, 2016, a telephone status conference was held, wherein the court granted the Government's April 8, 2016 Motion. The court also determined that the Government's actions, *i.e.*, filing a corrected Administrative Record more than 55 days after it was due and after Plaintiff completed briefing, warranted granting Plaintiff's request to conduct the deposition of the Contracting Officer concerning the compilation of the Administrative Record and potential inconsistencies in the documents produced. In addition, the court has determined that the United States Army should be charged with the sanction of paying for Plaintiff's attorneys' fees and costs to prepare briefs that were based on an incomplete Administrative Record.[1] *See* Rule 37(b)(2)(C) of the Rules of the United States Court of Federal Claims ("RCFC") ("[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees[.]"); *see also M.A. Mortenson Co. v. United States*, 996 F.2d 1177, 1180 (Fed. Cir. 1993) ("[28 U.S.C. § 2412(b)] essentially strips the government of its cloak of immunity with respect to costs and fees and requires it to litigate under the same professional standards applicable to a private litigant.").

---

[1] The court will determine that amount of reasonable attorney fees and costs at a later date, but notes that the April 18, 2016 Summary of Account submitted by Plaintiff's counsel is insufficient, as it fails to include a retainer letter and identify the name of the billing lawyers listed and rates that should comport with prevailing local rates.

On April 14, 2016, the Government filed a second Motion To Correct The Administrative Record And Motion To Withdraw Portions Of The Defendant's Reply Brief, because Government's counsel recently was advised that Tabs 57 and 58 "contained additional information the [C]ontracting [O]fficer added after the filing of this bid protest matter." ECF No. 36, at 2. Therein, the Government requested that the court reconsider the granting of the Government's April 8, 2016 Motion and instead grant the Government's April 14, 2016 Motion. In addition, the Government also requested that the court strike the portions of the Government's April 11, 2016 Reply referencing Tabs 57 and 58. And, the Government asked that Plaintiff's deposition of the Contracting Officer "be limited to examination regarding the offending material included in [Tabs 57 and 58][.]" ECF No. 36, at 3. On April 15, 2016, Plaintiff filed a Response, not objecting to the Government's request to correct the Administrative Record and to strike portions of the Government's April 11, 2016 Reply, but reserving the right to strike any other documents improperly included in the Administrative Record and opposing any limitation to the deposition of the Contracting Officer. ECF No. 37, at 2. On April 18, 2016, the Government filed a Reply. ECF No. 40.

The Government's April 14, 2016 Motion To Correct The Administrative Record And Motion To Withdraw Portions Of The Defendant's Reply Brief is **granted-in-part** and **denied-in-part.** The Government's Motion To Reconsider therein is **denied**. The Government may correct the Administrative Record by deleting Tabs 57 and 58 and replacing them with the publicly available documents in existence before the bid protest was filed, adding a missing attachment to Amendment 1 of the Solicitation, and deleting the portions of the Government's April 11, 2016 Reply that references Tabs 57 and 58. Plaintiff's deposition of the Contracting Officer may include examination about the compilation of the Corrected Administrative Record, including Tabs 57 and 58, and any inconsistencies within the Administrative Record as now corrected.

In addition, the new briefing schedule is as follows:

| | |
|---|---|
| May 11, 2016 | Plaintiff will file a Motion For Judgment On The Corrected Administrative Record. |
| May 25, 2016 | The Government will file a Cross-Motion For Judgment On The Corrected Administrative Record and Opposition To Plaintiff's Motion For Judgment On The Corrected Administrative Record. |
| June 1, 2016 | Plaintiff will file any Response and Reply. |
| June 8, 2016 | The Government will file any Reply. |

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**